976 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael Anthony BUTLER, Petitioner-Appellant,
v.
Carlton ZENON, Superintendent, Oregon State Corr. Instit.,
Defendant-Appellee.
 No. 91-35099.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 17, 1992.
 
 Before BEEZER, NOONAN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Anthony Butler, an Oregon state prisoner, seeks federal habeas corpus. The district court denied his petition. We affirm.
 
 FACTS
 
 3
 Butler was one of three men to abduct Charmel Ulrich, a 14 year-old girl who was taking an afternoon walk with a friend. The three men kept the girl for at least several hours. Ultimately Butler raped her and then slit her throat with a knife.
 
 
 4
 Butler was charged in three separate cases--in the first, murder, felony murder (committed during a kidnapping), and felony murder (committed during a rape); in the second, first degree kidnapping "with the purpose of causing physical injury" and first degree rape; in the third, aggravated murder involving kidnapping and aggravated murder involving rape. Butler waived a jury and agreed to a trial on stipulated facts on the charge of first degree kidnapping and on the charge of aggravated murder involving rape. He was convicted of both crimes. He was sentenced to life imprisonment with a 20 year minimum on the charge of aggravated murder involving rape, to be served consecutively to a 20 year term of imprisonment, with a 10 year minimum, on the kidnapping conviction.
 
 
 5
 Butler appealed, assigning as error the imposition of a mandatory minimum sentence on the aggravated murder conviction. The Oregon Court of Appeals affirmed without opinion. Butler then attacked the conviction collaterally, contending that he had received constitutionally inadequate assistance of counsel on the appeal because counsel had failed to raise the issue on appeal that the crimes should have been merged for sentencing purposes. The trial court denied relief, stating that raising the merger issue on appeal "would have been fruitless." The decision was affirmed. Butler v. Patterson, 744 P.2d 1010 (Or.App.), rev. den., 305 Or. 102 (Or.1988).
 
 FEDERAL PROCEEDINGS
 
 6
 Butler then brought habeas corpus in the federal district court. The court found that he had exhausted his state remedies. It also found that he had received the assistance of competent counsel, who had rejected the merger issue because, as he stated, "it did not have any value." Butler appeals.
 
 ANALYSIS
 
 7
 The law of Oregon at the time of Butler's trial was that, if one offense was "committed as one step in the commission of another offense in the course of a single criminal episode with a single criminal objective," and this offense carried a lesser punishment than the more serious crime which was the "single criminal objective," the two convictions should be merged and the defendant should be punished only for the more serious offense. State v. Cloutier, 596 P.2d 1278, 1287 (Or.1979). It is Butler's contention that counsel should have argued that the kidnapping of which he was convicted should have been merged with the conviction of aggravated murder so that he should have been sentenced only for the aggravated murder.
 
 
 8
 Butler's contention supposes that an Oregon appellate court would have found his argument reasonable. However, there is no evidence that "the single criminal objective" was the aggravated murder of Charmel Ulrich. The kidnapping, the rape and the murder were distinct events and objectives. Butler was convicted of "aggravated murder," because he had committed murder "in the furtherance" of the rape. Oregon Revised Statutes 163.095. He was also convicted of kidnapping, "with the purpose of causing physical injury." This offense was distinct from murder in the furtherance of rape. The claim of merger would have been fruitless. His counsel competently decided not to pursue it.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3